UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACQUELYN R. BIGGS and<br>SHERRIE D. STEPHENS,<br><br>       Plaintiffs,<br><br>    vs.<br><br>KARL BROWNING in his official capacity as<br>Commissioner of the Indiana Department of<br>Transportation and JAY WASSON in his<br>official capacity as Deputy Commissioner of<br>Engineering and Asset Management for the<br>Indiana Department of Transportation,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:14-cv-00182-LJM-TAB |

**ORDER FOLLOWING SHOW CAUSE RESPONSES**

It is an unfortunate reality that, on occasion, lawyers fail to appear for Court proceedings. Sometimes a missed proceeding is precipitated by an unavoidable personal issue, such as the unexpected sickness of a lawyer or family member. The undersigned typically accommodates such circumstances by simply rescheduling the proceeding. On the other hand, sometimes lawyers drop the ball for no good reason. That is what happened in this case. Both lawyers missed a scheduled September 11, 2014, status conference for what they concede was no good reason. Rather than simply reschedule the conference and look to the next case, the Court pauses a moment to impress upon these lawyers, and counsel in general, the wasted time caused by missing conferences.

By way of background, Plaintiffs make some very serious allegations in this case. They have sued the Commissioner and a Deputy Commissioner of the Indiana Department of

Transportation alleging that INDOT has engaged in a pattern and practice of terminating older employees. [Filing No. 9, at ECF p. 2.] Plaintiff Jacquelyn Biggs alleges INDOT terminated her without any warning or progressive discipline, and Plaintiff Sherrie Stephens alleges INDOT management wanted to get rid of her because they did not want an "old woman" working there. [Filing No. 9, at ECF p. 2.] Defendants deny these allegations, claiming Plaintiffs were terminated for cause, but nevertheless the case raises some weighty issues. Shortly after Defendants answered the complaint, the Court scheduled an initial pretrial conference for May 5, 2014. [Filing No. 8.] The undersigned met with counsel during that conference, approved a Case Management Plan, and set a September 11, 2014, telephonic status conference to address case status and settlement. The Court memorialized this in a May 7 order. [Filing No. 11.]

On September 11, 2014, neither lawyer called in for the conference. Rather than move to the next scheduled case, Court staff called both lawyers in an attempt to hold the conference. Court staff was able to reach Plaintiffs' counsel, but when the undersigned joined the call he was unable to talk with Plaintiff's counsel because she had inadvertently put the call on "hold." After remaining on hold for over ten minutes, the undersigned finally disconnected. Defendants' counsel was not in the office and could not be reached at all. Unable to conduct the conference, the Court issued an order for both counsel to show cause why sanctions should not be issued. [Filing No. 17.]

Counsel candidly and promptly responded to the show case order. Plaintiffs' counsel responded by stating in relevant part, "The undersigned truly wishes that she could offer the Court a good reason for these failures, but she cannot." [Filing No. 18, at ECF p. 1.] Plaintiffs' counsel's response confirmed that she was aware of the conference but stated she "inexplicably suffered a lapse," then after being contacted by the Court inadvertently hit the wrong button on

her telephone. [Filing No. 18, at ECF p. 1.] Defendants' counsel responded by describing her conduct as negligent and stating in relevant part, "Counsel totally forgot the call and has no good reason for doing so." [Filing No. 19, at ECF p. 1.] Defendants' counsel further explained that at the time of the call she was traveling back to Indianapolis from Lafayette after preparing clients for their depositions.

As a result, time has been needlessly wasted. The Court wasted the time set aside on its calendar for this conference. Court staff wasted time in trying to track down the lawyers who failed to appear. The Court spent more time issuing the show cause order. The lawyers then had to file responses to the show cause order, which in turn necessitated this order. And of course Court staff had to docket the various Court entries and ensure that the show cause responses were tracked and brought to the attention of the undersigned.

In the grand scheme of things this is small peanuts. The legal system faces far more significant challenges in efficiently and fairly resolving disputes. But when lawyers on both sides of a case fail to show up for a Court conference they have known about for months, the Court takes notice. And it should, because clients' cases risk adverse consequences when lawyers drop the ball. The clients should take notice too. That is why the Court now orders counsel to review this order with their clients and, within 14 days, file with the Court a certification signed by counsel of record and the parties to this action indicating that the parties have reviewed this order with counsel and understand what has occurred.

Dated: 10/7/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Laura Ann Turner
INDIANA ATTORNEY GENERAL
laura.turner@atg.in.gov

Laura Lee Bowker
INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Daniel LaPointe Kent
LAPOINTE LAW FIRM P.C.
dkent@lapointelawfirm.com

Mary Jane Lapointe
LAPOINTE LAW FIRM PC
maryj@lapointelawfirm.com